# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>DONALD W. ESTELL, JR., )<br> )<br>Defendant. )<br>_____) | CRIMINAL ACTION<br>No. 04-20025-01-KHV<br><br>CIVIL ACTION<br>No. 06-3244-KHV |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion To The Court For Addition[al] Constitutional Claim: Addendum To 28 U.S.C. [§] 2255 Motion Of Defendant (Doc. #58) filed September 22, 2006, which the Court construes as a motion to alter or amend judgment under Rule 59(e), Fed. R. Civ. P. On September 21, 2006, the Court overruled defendant's motion to vacate his sentence under 28 U.S.C. § 2255 because the Tenth Circuit had already overruled each of defendant's arguments. See Memorandum And Order (Doc. #57). Defendant now seeks leave to supplement his Section 2255 motion to add a claim that the imposition of supervised release in addition to incarceration violates his rights under the Double Jeopardy Clause of the Fifth Amendment.

A motion to alter or amend judgment under Rule 59(e), Fed. R. Civ. P., is essentially a motion for reconsideration. Schweitzer-Reschke v. Avnet, Inc., 881 F. Supp. 530, 532 (D. Kan. 1995). The Court has discretion whether to grant or deny a motion to reconsider. Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988). The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct

clear error or prevent manifest injustice.  Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981); Burnett v. W. Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996).  A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed.  Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).

Defendant has not shown an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice.  Because the Court has already ruled on defendant's Section 2255 motion, it declines to re-open the case so that defendant can add another claim.[1]  To the extent defendant desires to bring claims beyond his initial Section 2255 motion, he must file a motion for leave to file a second or successive Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Motion To The Court For Addition[al] Constitutional Claim: Addendum To 28 U.S.C. [§] 2255 Motion Of Defendant (Doc. #58) filed September 22, 2006 be and hereby is **OVERRULED**.

---

[1] In any event, defendant's motion lacks substantive merit.  A term of imprisonment upon revocation of supervised release does not violate defendant's rights under the Double Jeopardy Clause because a period of supervised release and the potential sanctions for violating supervised release are part of the original sentence.  See Johnson v. United States, 529 U.S. 694, 700-01 (2000) United States v. Acuna-Diaz, 86 F.3d 1167, 1996 WL 282262, at *2 (10th Cir. 1996); United States v. Robinson, 62 F.3d 1282, 1286 (10th Cir. 1995); United States v. Alamillo, 754 F. Supp. 827, 829 (D. Colo. 1990) (double jeopardy not implicated because defendant received single sentence under statute which allowed imposition of incarceration and supervised release), aff'd, 941 F.2d 1085 (10th Cir. 1991); see also United States v. Bull Child, 155 Fed. Appx. 372 (9th Cir. 2005) (Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), do not change fact that punishment following revocation of supervised release is punishment for original offense).

Dated this 12th day of October, 2006, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
