IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 04-20025-01-KHV |
| DONALD W. ESTELL, JR., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On September 21, 2006, the Court overruled defendant's motion to vacate his sentence under 28 U.S.C. § 2255 because the Tenth Circuit had already overruled each of defendant's arguments. See Memorandum And Order (Doc. #57). On October 12, 2006, the Court overruled defendant's motion to supplement his Section 2255 motion. See Memorandum And Order (Doc. #59). This matter is before the Court on defendant's letter (Doc. #62), which the Court construes as a motion for a certificate of appealability, and defendant's Motion For Counsel (Doc. #63), both filed March 15, 2007. For reasons stated below, defendant's motions are overruled.

**I.    Motion For Certificate Of Appealability**

Defendant seeks information on how to file a motion for a certificate of appealability ("COA") as to the denial of his Section 2255 motion and whether he is required to file a motion for a COA in order to bring a second Section 2255 motion.[1] At this point, any request for a COA is untimely because defendant

---

[1]    To the extent defendant seeks information on how and where to file a second Section 2255 motion, the Court notes that before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as
(continued...)

did not timely file a notice of appeal of the Court's order on the Section 2255 motion. Technically, the statutory provision as to a COA, 28 U.S.C. § 2253(c)(1), does not set a deadline for such a request. Rule 4(a), Fed. R. App. P., however, sets a deadline for defendant to file a notice of appeal. On September 21, 2006, the Court overruled defendant's motion to vacate his sentence under 28 U.S.C. § 2255. Accordingly, defendant was required to file a notice of appeal by November 20, 2006, see Fed. R. App. P. 4(a)(1)(B); Rule 11 of the Federal Rules Governing Section 2255 Proceedings, or a motion for extension of time to do so by December 20, 2006, see Fed. R. App. P. 4(a)(5).

Even if defendant had timely filed an appeal, the Court would overrule his request for a COA. The denial of a Section 2255 motion is not appealable unless the circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the movant must demonstrate that his motion raises issues that are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000); United States v. Sistrunk, 111 F.3d 91, 91 (10th Cir. 1997). For reasons stated in the Court's Memorandum And Order (Doc. #57), the Court finds that defendant has not made a substantial showing of the denial of a constitutional right.[2] Accordingly, his request for a certificate of appealability is overruled.

---

[1](...continued)
required by 28 U.S.C. § 2255, para. 8. Accordingly, defendant must seek leave from the Tenth Circuit.

[2] The Tenth Circuit held on direct appeal that defendant's claims that the Court improperly enhanced his sentence under 21 U.S.C. § 851 and improperly calculated his criminal history score under the United States Sentencing Guidelines ("U.S.S.G.") § 4A1.1(e) are foreclosed by the Supreme Court
(continued...)

## II.      Motion For Appointment Of Counsel For Second Section 2255 Motion

Based on the recent Supreme Court decision in Shepard, defendant seeks counsel to help him file a second motion to vacate under 28 U.S.C. § 2255. Defendant has no constitutional or statutory right to appointment of counsel in the prosecution of a Section 2255 motion unless the Court determines that an evidentiary hearing is required. Rule 8(c) of the Rules Governing Section 2255 Proceedings; see Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Evans, 51 F.3d 287, 1995 WL 139420, at *1 (10th Cir. 1995); Swazo v. Wy. Dep't of Corr. State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994). In determining whether to appoint counsel in a civil case, the Court considers several

---

[2](...continued)
decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998) and re-affirmed in United States v. Booker, 543 U.S. 220 (2005). See United States v. Estell, 160 Fed. Appx. 698, 2005 WL 3475871, at *2 (10th Cir. Dec. 20, 2005). The Tenth Circuit did not expressly refer to Shepard v. United States, 544 U.S. 13 (2005), on which defendant now relies, but the Supreme Court had decided Shepard some nine months before the Tenth Circuit ruled on defendant's appeal. Shepard also was available when the Supreme Court ruled on defendant's petition for certiorari.

In any event, Shepard does not call into question this Court's ruling on defendant's first Section 2255 motion. Defendant argues that he is entitled to relief because in violation of Shepard, the Court improperly considered his prior convictions without a jury finding on the issue. First, defendant has not shown that Shepard is to be applied retroactively to cases on collateral review. Moreover, under Almendarez-Torres, a district court can make findings with respect to a defendant's criminal history, be they findings as to the fact of the prior convictions or the nature of those convictions. United States v. Williams, 410 F.3d 397, 402 (7th Cir. 2005); see United States v. Pineda-Rodriguez, 133 Fed. Appx. 455, 458-59 (10th Cir. 2005).

Shepard did not overrule Almendarez-Torres. In a concurring opinion in Shepard, Justice Thomas noted that Almendarez-Torres "has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that Almendarez-Torres was wrongly decided." Shepard, 544 U.S. at 27-28. Despite Justice Thomas' statement, the Court is bound to continue to follow Almendarez-Torres. See United States v. Moore, 401 F.3d 1220, 1224 (10th Cir. 2005). The Tenth Circuit has held that Shepard, Booker, Blakely v. Washington, 542 U.S. 296 (2004) and Apprendi v. New Jersey, 530 U.S. 466 (2000) have left undisturbed the holding of Almendarez-Torres. See United States v. Madrid, Nos. 05-2088, 05-2090, 2007 WL 806930, at *13 n.6 (10th Cir. Mar. 19, 2007); Williams, 410 F.3d at 402; Moore, 401 F.3d at 1221, 1224; Pineda-Rodriguez, 133 Fed. Appx. at 458 n.5.

factors including (1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his or her claims; and (4) the complexity of the claims involved. See Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991).  Applying these factors, defendant is not entitled to counsel.[3]

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #62) filed March 15, 2007, which the Court construes as a motion for a certificate of appealability, be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's Motion For Counsel (Doc. #63) filed March 15, 2007 be and hereby is **OVERRULED**.

Dated this 5th day of April, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[3] As explained above, defendant's claim lacks substantive merit.  Moreover, defendant's claim is not particularly complex factually or legally.  Finally, defendant is able to adequately present his claim.